UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| MICHAEL ANTHONY POPE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 1:19-CV-81-TAV-CHS |
| | ) |
| BRADLEY COUNTY, TN, | ) |
| DISTRICT ATTORNEY OFFICE, | ) |
| | ) |
| Defendant. | ) |

# **MEMORANDUM OPINION**

Plaintiff Michael Anthony Pope, a prisoner proceeding pro se, filed a complaint under 42 U.S.C. § 1983. On May 2, 2019, the Court entered an order requiring Plaintiff to submit a certified copy of his inmate trust account statement or remit the full filing fee within thirty days of entry of the order [Doc. 5]. The order explicitly cautioned Plaintiff that failure to comply would result in the dismissal of his case for want of prosecution [*Id.*]. Despite this warning, Plaintiff has failed to comply with the Court's order or otherwise communicate with the Court, and the deadline to do so has passed.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3)

whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to comply with the Court's previous order is due to Plaintiff's willfulness and/or fault. As such, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendant.

As to the third factor, the Court warned Plaintiff that the Court would dismiss this case if he failed to comply with the Court's order.

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective, as Plaintiff was seeking to proceed *in forma pauperis* [Doc. 2] in this matter.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b), and the Court **CERTIFIES** that any appeal from this order would not be taken in good faith. Plaintiff's motion to proceed *in forma pauperis* in this action and his related motion to appoint counsel will be denied.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE